

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

March 10, 2026

**BY ECF**
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   Tobias Reid v. New York City Police Department, et al.,
>        25-CV-5275 (RPK) (VMS)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-referenced matter.[1] The undersigned respectfully writes in opposition to Plaintiff's Motion for Judgment on the Pleadings, Motion for Default, and Motion for Summary Judgment. *See* ECF No. 18.

## I.   Relevant Background

By way of background, Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, deprivation of property consisting of two motor bikes and custom-built trailer attachments. *See* ECF No. 1 at 2. In the original Complaint, Plaintiff named as Defendants the 67th Precinct of the New York City Police Department ("NYPD"), and two John Does. *See id.* at 1. As claims against the NYPD and its precincts are properly brought against the City of New York, the Court directed the Clerk of Court to issue a summons for the City of New York. *See* ECF No. 5. The Court also ordered this Office to "ascertain the full names and service addresses of the two Doe defendants involved in the incident[.]" *Id.* Pursuant to the Court's *Valentin* Order, this Office conducted an investigation into the allegations set forth in the

---

[1] This case has been assigned to Assistant Corporation Counsel Caroline DiCostanzo, who is awaiting admission to the Eastern District of New York. Ms. DiCostanzo is handling this matter under my supervision and may be reached at (212) 356-2662 or cdicosta@law.nyc.gov.

Complaint. *See* ECF No. 9. However, this Office was unable to identify the two John Doe Defendants, as Plaintiff failed to provide information sufficient to permit reasonable identification. *See id.* This Office made multiple attempts to contact Plaintiff to obtain surveillance footage referenced in the Complaint and physical descriptions of the individuals. *See id.* On December 19, 2025, the Court directed Plaintiff to provide this Office with aforementioned information by December 31, 2025. *See* Docket Entry dated December 19, 2025. To date, Plaintiff has not complied. Instead, Plaintiff filed a vague, non-responsive letter devoid of any useful information. *See* ECF No. 11.

On January 13, 2026, the Court set a briefing schedule for Defendant City's motion to dismiss the Complaint by February 13, 2026. *See* Docket Entry Dated January 13, 2026. After the schedule was set, Plaintiff filed a motion for leave to amend his Complaint to add NYPD Commissioner Jessica Tish and New York City Department of Sanitation Acting Commissioner Javier Lojan as the two John Does named in his Complaint. *See* ECF No. 14.  In support of his request, Plaintiff alleged that Commissioners Tish and Lojan are "department heads and have knowledge of the incident" and did not file a proposed Amended Complaint at that time. *Id.* at 2. On February 3, 2026, Plaintiff filed an Amended Complaint, naming Commissioners Tish and Lojan as Defendants. *See* ECF No. 16.

On February 6, 2026, the undersigned filed an opposition to Plaintiff's motion for leave to amend his Complaint, noting that Plaintiff's Amended Complaint fails to state a claim because it does not allege personal involvement by either Defendant Tish or Defendant Lojan in any constitutional violation. *See* ECF No. 17. Specifically, Plaintiff appears to only name these individuals as Defendants by virtue of their positions as supervisors, which is insufficient to assert their personal involvement. *See id.* On February 10, 2026, the Court granted Plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15(a)(1). *See* Docket Entry Dated February 10, 2026. No summons has been requested or issued as to either Defendant Tish or Defendant Lojan.

On March 5, 2026, Plaintiff filed a motion for Judgment on the Pleadings, Motion for Default, and Motion for Summary Judgment. *See* ECF No. 18. Plaintiff alleges that, pursuant to Fed. R. Civ. P. 15, the responding party has 14 days after the filing of an amended complaint to answer or otherwise respond. *See id.* Since "defendants have not answered," Plaintiff alleges defendants are in default and he is entitled to judgment as a matter of law. Plaintiff is incorrect.

A.    <u>Motion for Judgment on the Pleadings</u>

"A party may move for judgment on the pleadings '[a]fter the pleadings are closed'-- in other words, after an answer has been filed." *Liang v. Home Reno Concepts*, LLC, 803 Fed. Appx. 444, 446 n. 2 (2d Cir. 2020). The pleadings are not closed here. Defendants Tish and Lojan are the only named Defendants in Plaintiff's Amended Complaint. No summons has been requested or issued as to either Defendant and as such, neither Defendant Tish nor Lojan has been served with the Amended Complaint. Where service has not been completed, the pleadings cannot be considered closed. Accordingly, Plaintiff's motion for judgment on the pleadings is premature, improper and should be denied.

2

B.    Motion for Default

Rule 55 of the Federal Rules of Civil Procedure creates a two-step process for the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the Clerk of the Court must "'enter the party's default' indicating that a party has 'failed to plead or otherwise defend.'" *Lyons P'ship, L.P. v. D&L Amusement & Ent., Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010) (quoting Fed. R. Civ. P. 55(a)). Local Rule 55.1 requires that a "party applying for a certificate of default by the Clerk pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." *See* S.D.N.Y. Civ. R. 55.1. Upon entry of default by the Clerk, "a plaintiff must next seek a judgment by default under Rule 55(b)." *Green*, 420 F.3d at 104. Under Local Civil Rule 55.2(b), the party seeking default judgment must "append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." *See* S.D.N.Y. Civ. R. 55.2(b).

Here, Plaintiff failed to properly apply for or obtain an entry of default—therefore, his motion for default judgment should be denied on this basis alone. Moreover, Plaintiff *cannot* obtain an entry of default at this juncture. Plaintiff must show by affidavit that the Defendants were properly served and have failed to plead or otherwise defend the action. Neither showing can be made here. No summons has been requested or issued as to the only defendants named in the Amended Complaint, Defendants Tish and Lojan, and neither Defendant has been served with the Amended Complaint. As the Amended Complaint is the operative complaint and the Defendants named in the Amended Complaint have not yet been served, there is currently no deadline to answer or otherwise respond to the Amended Complaint. As such, there has been no failure to timely plead or defend. Plaintiff's motion is therefore not only procedurally defective, but premature as a matter of law. Accordingly, the undersigned respectfully requests that Plaintiff's improper motion for default be denied in its entirety.

C.    Motion for Summary Judgment

Plaintiff's motion for summary judgment is "premature and must be dismissed." *Ballentine v. City of New York*, 24-CV-6121 (MKV), 2025 U.S. Dist. LEXIS 112755, at *3 (S.D.N.Y. June 13, 2025) (dismissing plaintiff's motion for summary judgment before defendants had the opportunity to respond to the complaint or conduct discovery because it was premature). Accordingly, Plaintiff's motion for summary judgment should be denied because there is no answer deadline for the Defendants named in the Amended Complaint and the parties have not conducted discovery.

\*\*\*

Accordingly, the undersigned respectfully requests that the Court deny Plaintiff's Motion for Judgment on the Pleadings, Motion for Default, and Motion for Summary Judgment.

3

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

cc:   **VIA FIRST-CLASS MAIL**
      Tobias R. Reid
      *Plaintiff Pro Se*
      25 Remsen Avenue, #2330
      Brooklyn, New York 11212